# In the United States Court of Federal Claims

No. 22-1818C

(Filed:  April 14, 2023)

|  |  |
|---|---|
| **JOSEPH WITCHARD,** | ) |
|  | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Joseph Witchard*, Coleman, FL, *pro se.*

*Vijaya Surampudi*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

***SOLOMSON*, Judge.**

On December 7, 2022, Plaintiff Joseph Witchard, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court.  ECF No. 1 ("Compl.").  On December 22, 2022, the Court issued an order staying the case so the Court could evaluate the complaint for probable lack of jurisdiction.  ECF No. 6 (citing Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC")).

For the reasons explained below, the Court dismisses Plaintiff's complaint for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim.  *See* RCFC 12(b)(1), 12(b)(6), and 12(h)(3).

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Joseph Witchard, proceeding *pro se*, has been incarcerated in a South Carolina federal correctional facility following his conviction in the United States District Court for the Middle District of Florida.  Compl. at 3.

Before this Court, Plaintiff alleges that the United States committed a variety of wrongful actions, both before and after his 2014 conviction.  Compl. at 2–5.  He alleges that on February 26, 2010, federal officials searched Plaintiff's home in Orlando, Florida, pursuant to a "falsified" search warrant, *id.* at 2–3, that had been obtained "via perjury," ECF No. 1-2 at 11.  During this search, federal officials collected two manuscripts from Mr. Witchard.  Compl. at 2–3.  On March 26, 2010, Plaintiff filed a lawsuit in the United States District Court for the Middle District of Florida against the federal officials who searched his home.  *Id.* at 3.  In that suit, Plaintiff claimed that the federal officials violated the Fourth Amendment of the United States Constitution when they:  (1) unlawfully searched Plaintiff's home pursuant to a search warrant obtained "via perjury;" and (2) confiscated Plaintiff's manuscripts.  *Id.* at 3; ECF No. 1-2 at 11.

Over three years later, on May 10 and 16, 2013, the same federal officials who searched Plaintiff's home on February 26, 2010, allegedly went to the homes of Plaintiff's wife and sister, serving them with "unlawful subpoena[s]."  Compl. at 3; *see* ECF No. 1-2 at 18–19.

In response, on May 20, 2013, Plaintiff filed a second lawsuit in the United States District Court for the Middle District of Florida against the same federal officials who had searched his home.  Compl. at 3; ECF No. 1-2 at 18 (magistrate judge opinion issued June 12, 2013).  Plaintiff, in this second suit, claimed the federal officials unlawfully subpoenaed his wife and sister in retaliation against Plaintiff for the first lawsuit he had filed on March 26, 2010.  Compl. at 3; ECF No. 1-2 at 19–20 (magistrate judge recommending dismissal of Plaintiff's case).

On April 30, 2014, a federal grand jury indicted Mr. Witchard, and an arrest warrant was issued for Plaintiff.  Compl. at 3; ECF No. 1-2 at 23–36 (indictment).  Plaintiff alleges that the federal government issued the arrest warrant "without proceeding to both a federal grand jury and a United States Magistrate Judge."  Compl. at 3; *see* ECF No. 1-2 at 23, 35–36, 38 (indictment documents and arrest warrant with signatures).

---

[1] This decision *assumes* that the factual allegations in the complaint are true for the purposes of resolving whether the Court has jurisdiction over the claims and whether the plaintiff has stated a claim for which relief can be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Given Plaintiff's past litigation, *see infra*, the Court takes the opportunity to make it clear that the Court is *not* deciding whether Plaintiff's factual allegations are true.

On the day after Mr. Witchard's indictment, he was arrested at his Orlando, Florida, apartment. Compl. at 3. Plaintiff was ultimately convicted of nine counts of mail fraud, six counts of filing false claims, six counts of theft of government property, and nine counts of aggravated identity theft in the United States District Court for the Middle District of Florida on November 4, 2014. *Id.*; ECF No. 1-2 at 23–33, 57. He was sentenced on January 26, 2015. Compl. at 3.[2] Plaintiff appealed with the assistance of court-appointed counsel. *Id.*[3] On or around March 25, 2016, the United States Court of Appeals for the Eleventh Circuit affirmed Plaintiff's conviction and sentence. *Id.*; *see also United States v. Witchard*, 646 F. App'x 793, 793–99 (11th Cir. 2016). After his conviction and failed appeal, Plaintiff mounted additional unsuccessful efforts to overturn his conviction and sentence, as summarized below. *Id.* at 3–4.

## A. Plaintiff's Unsuccessful Post-Conviction Litigation History

On or around July 16, 2016, Plaintiff filed a *pro se* motion in district court to set aside his sentence pursuant to 28 U.S.C. § 2255 (the "Section 2255 motion"). Compl. at 3–4. There, he alleged he received ineffective assistance of court-appointed counsel during his appeal because his counsel failed to appeal the "falsity" of the federal grand jury indictment and arrest warrant. *Id.* The trial court denied the Section 2255 motion on July 3, 2017. *Witchard v. United States*, 2017 WL 11439012, at *2 (M.D. Fla. July 3, 2017). Mr. Witchard appealed to the Eleventh Circuit, which again rejected his arguments. Compl. at 5 (referencing ECF No. 1-2 at 68). Plaintiff claims that the signature on this Eleventh Circuit order was forged and that this alleged forgery constituted an obstruction of a judicial proceeding pursuant to 18 U.S.C. § 505. *Id.*; *see* ECF No. 1-2 at 68.

Between when Plaintiff filed the Section 2255 motion and the district court's ruling on that motion, Plaintiff filed a "writ of prohibition" on June 16, 2017, with the United States Court of Appeals for the Eleventh Circuit. Compl. at 4. There, Plaintiff claimed, among other things, "that the trial court was denying him due process and equal protection of the law" by not ruling on his then-pending Section 2255 motion. *Id.* at 4; *see* ECF No. 1-2 at 53 (Eleventh Circuit order understanding Plaintiff's petition as "seeking writs of prohibition and mandamus"). In the same Eleventh Circuit proceeding, Plaintiff filed yet another motion on August 31, 2017. Compl. at 4. This motion requested judicial

---

[2] Between Plaintiff's conviction and sentencing, Mr. Witchard filed a third civil complaint, this time claiming several officials violated his civil rights and were detaining him improperly. Complaint, *Witchard v. Mosley et al.*, No. 14-cv-2042 (M.D. Fl. Dec. 12, 2014), ECF No. 1. The district court closed that case in 2018. Order, *Witchard v. Mosley et al.*, No. 14-cv-2042 (M.D. Fl. Jan. 16, 2018), ECF No. 98.

[3] Months before Mr. Witchard's appeal concluded, Plaintiff filed a habeas corpus petition in the federal district court for the District of South Carolina. Complaint, *Witchard v. Meeks*, No. 15-cv-1958 (D.S.C. May 19, 2015), ECF No. 1. The Court dismissed the petition. Order, *Witchard v. Meeks*, No. 15-cv-1958 (D.S.C. July 10, 2015), ECF No. 13.

notice of Plaintiff's allegations that the arrest warrant and federal grand jury indictment were "falsified" in a way that caused his conviction and imprisonment.  *Id.*; ECF No. 1-2 at 42.

On September 21, 2017, the Eleventh Circuit ruled on Mr. Witchard's various filings, including his request for judicial notice.  The appellate court concluded that his "prohibition petition [wa]s frivolous."   ECF No. 1-2 at 55.   The court granted Mr. Witchard's motion for judicial notice, but only to the extent that the court would *consider* Mr. Witchard's allegations.  Compl. at 4; *see also* ECF No. 1-2 at 55 (the Eleventh Circuit order).  Mr. Witchard characterizes this judicial notice decision as the Eleventh Circuit's having "consider[ed] . . . and rul[ed] upon" his allegations, thereby "granting plaintiff Judicial Notice . . . [of] undisputed allegations."  Compl. at 4.  Mr. Witchard's filings, however, show the Eleventh Circuit made no factual findings in favor of Mr. Witchard.  To the contrary, all the appellate court did was conclude that, "to the extent Witchard's request that we take judicial notice of his motion asks us to consider his allegations, his motion is hereby granted."  ECF No. 1-2 at 55 (emphasis omitted).

Between the time Eleventh Circuit took "judicial notice" of Plaintiff's alleged facts and the filing of Plaintiff's complaint in the above-captioned case, Plaintiff has sought to overturn his conviction or obtain his release from custody through at least three additional judicial avenues.  *See* Compl. at 4.  In each case, Mr. Witchard has argued some permutation of the facts described *supra*.  First, on May 7, 2018, Plaintiff filed a habeas corpus action in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 2241.  *Witchard v. Antonelli*, 2018 WL 2422055 (D.S.C. May 14, 2018).  The magistrate judge recommended summary dismissal because Plaintiff failed to plead facts setting forth a 28 U.S.C. § 2241 claim.  *Id.* at 3.  The district court adopted the magistrate's recommendation on May 29, 2018, *Witchard v. Antonelli*, 2018 WL 2417213 (D.S.C. May 29, 2018),[4] and the United States Court of Appeals for the Fourth Circuit affirmed that decision, *Witchard v. Antonelli*, 736 F. App'x 54 (4th Cir. 2018).

Second, on January 28, 2019, Mr. Witchard filed a claim in the United States District Court for the Northern District of Georgia claiming the signature of an Eleventh Circuit Court of Appeals judge on an order was a forgery.  Magistrate Judge's Final Report and Recommendation, *Witchard v. Burney-Smith*, No. 19-cv-484 (N.D. Ga. May 6, 2019), ECF No. 13.  The magistrate judge recommended that the court find the claim frivolous, and

---

[4] In response to this district court decision, Plaintiff filed suit against the district court judge on December 7, 2018, in the United States District Court for the District of South Carolina.  *Witchard v. Herlong*, 2018 WL 6990752, at *1 (D.S.C. Dec. 19, 2018).  There, Plaintiff claimed that the judge violated the Plaintiff's constitutional rights by failing to acknowledge his grant of judicial notice and release him.  *Id.*  The case's magistrate judge recommended summary dismissal, *id.* at *2–3, and the district court adopted the recommendation on January 10, 2019, *Witchard v. Herlong*, 2019 WL 162041 (D.S.C. Jan. 10, 2019).

the district court adopted that recommendation on May 22, 2019.  Order, *Witchard v. Burney-Smith*, No. 19-cv-484 (N.D. Ga. May 22, 2019), ECF No. 19 ("[T]he Plaintiff continues to confuse taking judicial notice of a motion and granting the relief requested in the motion.  The Plaintiff's claim is absurd and frivolous.").

Third, on June 4, 2019, in a new filing in the United States District Court for the District of South Carolina, Plaintiff sought declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–02, specifically seeking a declaration that his incarceration violated his rights to due process and equal protection of the law.  *Witchard v. Antonelli*, No. 19-cv-1609, at 2 (D.S.C. June 12, 2019).  On June 12, 2019, the assigned magistrate judge recommended summary dismissal of Plaintiff's claim with prejudice because it was frivolous.  *Id.* at 4–6.  The district court adopted the magistrate's recommendations on October 24, 2019, *Witchard v. Antonelli*, 2019 WL 5448447 (D.S.C. Oct. 24, 2019), and the United States Court of Appeals for the Fourth Circuit affirmed on April 16, 2020, *Witchard v. Antonelli*, 801 F. App'x 146 (4th Cir. 2020).[5]

## B.  Plaintiff's Claims in This Case

With respect to his incarceration, Plaintiff requests that this Court:  (1) issue a permanent injunction to enjoin his unjust imprisonment; or (2) compel the United States to order his immediate release from prison.  Compl. at 6.  Pursuant to 28 U.S.C. § 1495 ("Section 1495"), Plaintiff argues this Court has jurisdiction to hear his claim for unjust conviction and imprisonment.  *Id.* at 5.  Mr. Witchard further alleges that the Eleventh Circuit issued a "meritful ruling . . . granting him judicial notice on his undisputed allegations."  *Id.* at 4 (emphasis omitted); *see* ECF No. 1-2 at 55.

Plaintiff also requests damages of $35,450,000 and "all other relief that this . . . Court deems just and proper."  *Id.* at 6.  Mr. Witchard's complaint does not explain how he calculated his alleged damages, but the sum appears approximately equal to the various damages Mr. Witchard claimed in his previous lawsuits.  *Id.* at 3.  Mr. Witchard's complaint alleges a variety of violations of federal criminal law and his constitutional rights pursuant to the First, Fourth, Fifth, and Sixth Amendments of the United States Constitution.  While Plaintiff's damages claims are challenging to decipher, the Court, with some effort, discerns five claims.

---

[5] Plaintiff filed a *Bivens* action against the Fourth Circuit judges on September 25, 2020.  *Witchard v. Wilkinson, et al.*, No. 20-cv-488, at 3 (E.D. Va. Jan. 7, 2022), ECF No. 25.  Plaintiff claimed that the judges' decision violated his due process and equal protection rights.  *Id.*  Plaintiff claimed that he was not granted relief by the judges because they were furthering a "judicial conspiracy" to perpetuate his incarceration.  *Id.* at 3.  The district court dismissed the claim on January 7, 2022. *Id.* at 4–8.

First, as described above, Plaintiff claims that he is unjustly convicted and imprisoned pursuant to 28 U.S.C. § 1495.  Compl. at 2.

Second, Plaintiff claims the government and government officials violated his Fourth Amendment rights.  He alleges government officials violated his rights when they searched his home.  Compl. at 2–3; ECF No. 1-2 at 11.  Plaintiff also claims that the confiscation of his manuscripts during the allegedly unlawful search by federal officials was an additional Fourth Amendment violation, Compl at 3; ECF No. 1–2 at 11, presumably as an unlawful seizure.  Furthermore, Plaintiff claims that his arrest warrant violated his Fourth Amendment rights because it was "falsified" — it was allegedly filed improperly and was allegedly signed by a "fictitious named person."  Compl. at 3; ECF No. 1-2 at 59.  This particular claim is the same as what Plaintiff argued before the Middle District of Florida and the Eleventh Circuit.  *See* Petition, *In re Joseph Witchard*, No. 17-13176, at 12 (11th Cir. July 14, 2017); ECF No. 1-2 at 55 (Eleventh Circuit order finding "the prohibition petition is frivolous.").

Third, Plaintiff claims the government violated his Fifth Amendment due process rights.  Mr. Witchard alleges that the grand jury indictment and arrest warrant were "falsified."  Compl. at 3.  In addition, Plaintiff alleges the federal district court for the Middle District of Florida "den[ied] him due process and equal protection of the law" by not ruling on a motion for "nearly one full year."  *Id.* at 4.  Plaintiff raised claims about this alleged delay before the Court of Appeals for the Eleventh Circuit.  Petition, *In re Joseph Witchard*, No. 17-13176, at 12; ECF No. 1-2 at 55.[6]

Fourth, Plaintiff argues he received ineffective assistance of court-appointed counsel during the appeal of his criminal conviction, Compl. at 3–4, which the Court understands as a claim pursuant to the Sixth Amendment of the United States Constitution.

---

[6] Plaintiff does not claim that federal officials' collection of his manuscripts pursuant to a search warrant is a compensable taking pursuant to the Fifth Amendment of the United States Constitution.  Such a claim would fail in any event because it requires the plaintiff to "concede the validity of the government action which is the basis of the takings claim to bring suit under the Tucker Act."  *Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1332 (Fed. Cir. 2012) (quoting *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993)).  Here, Plaintiff challenges the validity of the warrant that led to the seizure of his manuscripts.  Compl. at 2–3.  Even if Plaintiff were to concede the validity of the search, however, property seized lawfully pursuant to criminal laws, such as a valid search warrant, is lawfully acquired and not a taking in violation of the Fifth Amendment.  *See Bennis v. Michigan*, 516 U.S. 442, 452–53 (1996) ("[T]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." (citing *United States v. Fuller*, 409 U.S. 488, 492 (1973))); *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws . . . such deprivations are not 'takings' to which the owner is entitled to compensation.").

Finally, Plaintiff alleges he is the victim of various violations of federal criminal law. He claims that that the signature on a court order was a forgery and thus an obstruction of judicial proceedings pursuant to 18 U.S.C. § 505. Compl. at 5. Plaintiff presented the same argument to the federal district court in the Northern District of Georgia. Order, *Witchard v. Burney-Smith*, No. 19-cv-484 (N.D. Ga. May 22, 2019), ECF No. 19 ("The Plaintiff's claim is absurd and frivolous."). Additionally, Plaintiff's complaint alludes to retaliation by federal officials for filing lawsuits against them. Compl. at 4; *see also* ECF No. 1-2 at 19 (magistrate judge's report recommending dismissal of nearly identical claim in a 2013 case for lack of jurisdiction). Plaintiff's complaint does not make clear what, if any, provision of law this alleged retaliation allegedly violated, but this Court generously understands it as some combination of federal criminal law and the Fourth and Fifth Amendments to the United States Constitution.

## II. THIS COURT'S JURISDICTION

This Court has a duty to ensure that it has jurisdiction to decide any claim in Plaintiff's complaint. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93; RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As a threshold matter, the United States cannot be sued absent its consent in the form of a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, "except as Congress has consented to a cause of action against the United States 'there is no jurisdiction in the Court of [Federal] Claims more than in any other court to entertain suits against the United States.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941)). Generally, "the jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). In pertinent part, the Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Thus, the Tucker Act vests this Court with jurisdiction and waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought

pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) (defining three types of Tucker Act Claims).  The Tucker Act, however, "does not create a substantive cause of action[.]"  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).  With respect to "money-mandating" claims, in particular, a statute — or other provision of law — creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *Id.* at 217 (quoting *Testan*, 424 U.S. at 400) (internal quotation marks omitted); *see also Main Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020); *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

This Court also has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."  28 U.S.C. § 1495.  Significantly, Section 1495 only allows this Court to render judgment upon claims for damages.  28 U.S.C. § 1495; *see* 28 U.S.C. § 2513(e) (describing the damages calculation).  To be awarded monetary damages, a person suing under Section 1495 must allege and prove certain factual requirements set out in 28 U.S.C. § 2513.  *Humphrey v. United States*, 60 F. App'x 292, 294–95 (Fed. Cir. 2003); *Wood v. United States*, 91 Fed. Cl. 569, 571–72 (2009).  Specifically, a person must submit a court certificate of innocence or a pardon that substantiates the following facts:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a); *see* 28 U.S.C. § 2513(b) ("Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.").

Furthermore, to the extent Plaintiff alleges he was the victim of the violation of federal criminal laws, this Court has no jurisdiction "to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Not only does this Court not review alleged violations of criminal law, this Court also does not have the authority to review the decisions of other federal courts with respect to criminal cases. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

To the extent Mr. Witchard requests injunctive relief (*e.g.*, a "permanent injunction to enjoin his unjust imprisonment," Compl. at 6), this Court does not have general authority to issue injunctive relief. *See, e.g.*, *Richardson v. Morris*, 409 U.S. 464, 465 (1973) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States."); *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) ("Unlike the district courts, however, the [Court of Federal Claims] has no general power to provide equitable relief against the Government or its officers."); *Shelden v. United States*, 742 F. App'x 496, 502 (Fed. Cir. 2018) ("[T]he Claims Court 'has no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998))). Instead, the Court may award equitable relief in only a narrow set of statutorily defined circumstances, which are irrelevant to this case and do not provide for injunctions to enjoin imprisonment.

Finally, this Court's jurisdiction is limited to claims *against the United States*. *See, e.g.*, *Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))). Claims against "individual officials in their personal and professional capacities cannot be entertained in this court." *Stephenson*, 58 Fed. Cl. at 190. Accordingly, to the extent Mr. Witchard alleges Constitutional violations of his rights committed by federal government *officials*, this Court has no jurisdiction.

## III. DISMISSAL FOR LACK OF JURISDICTION VS. FAILURE TO STATE A CLAIM

There is no scientific bright line dividing the question of jurisdiction from that of a failure to state a claim. There are important implications that flow from dismissing a complaint for lack of jurisdiction as opposed to for failure to state a claim: the latter is considered "on the merits" and "usually carries *res judicata* effect, whereas a dismissal for lack of jurisdiction typically does not." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011); *see also Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 808 (7th Cir. 2015) ("[T]here is a sliding scale of substantiality, and at some point on the scale a claim is actionable. No one has explained how that point is to be determined. It remains indeterminate, a source of needless uncertainty."). That the dividing line is indeterminate, however, does not relieve this Court from its duty to decide whether a plaintiff has pleaded sufficient facts to invoke jurisdiction or whether the complaint

"should be dismissed by the [trial] court on the merits[.]" 794 F.3d at 809. The Court's jurisdictional determination is not governed by the plaintiff's characterization of its claims, and frivolous allegations do not suffice. *See Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354–55 (Fed. Cir. 2018).

To determine whether a plaintiff's complaint states a nonfrivolous allegation that is within a court's jurisdiction, the Federal Circuit explained the test in *Lewis v. United States*, 70 F.3d 597 (Fed. Cir. 1995):

> [A] complaint alleging that the plaintiff has a right to relief on a ground as to which the court has jurisdiction raises a question within the court's subject matter jurisdiction as long as the asserted basis of jurisdiction is not pretextual, *i.e.*, as long as the jurisdictional ground asserted in the complaint does not "appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction."

*Lewis*, 70 F.3d at 603 (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913), *overruled on other grounds by Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983)). The Federal Circuit further explained:

> To be sure, the Supreme Court has stated that there may be instances in which a claim that is otherwise within the court's jurisdiction is so insubstantial on its merits that a dismissal may be termed jurisdictional. In this century, however, the Court's references to that exception to the general rule have often been unenthusiastic, and it may be that the exception is best viewed as a vestige of nineteenth-century practice that has no continuing vitality in the age of modern pleading.

*Lewis*, 70 F.3d at 603 (citing cases, including *Mont.-Dakota Util. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951)).

For claims that are within this Court's jurisdiction, "all that is required is a determination that the claim is founded upon a money-mandating source [of law] and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). In *Jan's Helicopter*, the Federal Circuit explained that the jurisdictional pleading requirement "is satisfied when a plaintiff makes 'a non-frivolous assertion that [plaintiffs] are entitled to relief under the statute.'" *Id.* at 1307 n.8 (citing *Brodowy v. United States*, 482 F.3d 1370, 1375 (Fed. Cir. 2007)); *Brodowy*, 482 F.3d at 1375 ("Where plaintiffs have invoked a money-mandating statute and have made a non-frivolous assertion that they are entitled to relief under the statute, we have held that the

Court of Federal Claims has subject-matter jurisdiction over the case."). Therefore, when a plaintiff makes no nonfrivolous assertations that the plaintiff is entitled to relief under a money-mandating source of law, the Court must dismiss the plaintiff's claims. *See Jan's Helicopter*, 525 F.3d at 1309.

Accordingly, "jurisdictional dismissals for frivolousness must be 'confin[ed]' to cases 'that are very plain.'" *Id.* at 603-04 (quoting *Hart v. B.F. Keith Vaudeville Exch.*, 262 U.S. 271, 274 (1923)). Still, to proceed with a complaint and satisfy the subject-matter jurisdiction requirement, a plaintiff must allege plausible, nonfrivolous, and nonconclusory facts to state a claim within this Court's jurisdiction. *Perry v. United States*, 2021 WL 2935075, at *4 (Fed. Cir. July 13, 2021) ("The Court of Federal Claims has the discretion to dismiss claims it determined to be frivolous. . . . Given the lack of any evidentiary support for [the plaintiff's] implausible claims, we determine that the trial court reasonably exercised its discretion in dismissing these claims as frivolous." (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992))). In sum, questions related to whether a plaintiff has stated a claim for unjust conviction or violations of constitutional rights generally appear *not* to be jurisdictional questions, unless, however, a plaintiff does not allege plausible facts supporting his claims.

## IV. PLAINTIFF'S CLAIMS ARE NOT WITHIN THIS COURT'S JURISDICTION OR, IN THE ALTERNATIVE, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW

Taking into consideration Mr. Witchard's *pro se* status by broadly construing his arguments — and, of course, assuming that all of his plausible factual allegations are true, as the Court must at this stage — this Court nevertheless holds that Mr. Witchard's claims fall outside of this Court's jurisdiction. In the alternative, Plaintiff's claim of unjust conviction and imprisonment fails to state a claim upon which relief can be granted. Accordingly, whether pursuant to RCFC 12(b)(1) or 12(b)(6), Mr. Witchard's complaint must be dismissed.[7]

---

[7] As described above, many of Mr. Witchard's claims have appeared in his complaints and motions before other federal courts. Those other federal courts, however, denied Mr. Witchard's previous requests for relief on jurisdictional or procedural grounds and, therefore, arguably did not reach the merits of Plaintiff's claims. Although "[d]ismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue," *Amgen Inc., v. United States Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990), the reasons a federal district court lacks jurisdiction over a claim do not always apply in this Court, *see Citizens Elecs. Co., Ltd. V. OSRAM GmBH*, 225 F. App'x 890, 893 (Fed. Cir. 2007); *Lea v. United States*, 126 Fed. Cl. 203, 213 (2016). Thus, the Court assumes, for the purpose of the following analysis, that the decisions by these other federal courts do not preclude review by this Court except where otherwise noted.

As explained above, the Court is unable to grant injunctive relief outside of narrow circumstances not implicated by this case. *See, e.g.*, *Shelden*, 742 F. App'x at 502. The Court therefore lacks jurisdiction to grant Plaintiff's request to enjoin his imprisonment or compel his release even if the Court generally has jurisdiction to hear his claims.

Additionally, as described *supra*, this Court lacks jurisdiction to either hear claims "under the federal criminal code," *Joshua*, 17 F.3d at 379, or review other federal courts' decisions in criminal cases, *Jones*, 440 F. App'x at 918. Plaintiff's claims pursuant to federal criminal law — *i.e.*, the alleged retaliatory actions and obstruction of judicial proceedings — are outside this Court's jurisdiction. The Court therefore lacks subject-matter jurisdiction to hear these claims. To the extent Plaintiff's complaint requires the Court to reopen or review his past criminal conviction, this Court has no jurisdiction.

Furthermore, as the Middle District of Florida explained to Mr. Witchard, "[t]o the extent Witchard is attempting to pursue claims for violations of his wife['s] and sister's rights — not his own — he lacks standing to do so, and his claims are due to be dismissed." ECF No. 1-2 at 19–20 (June 12, 2013, magistrate judge opinion). The district court adopted this conclusion. Order, *Witchard v. Keith et al.*, No. 13-cv-792, 2013 U.S. Dist. LEXIS 90816 (M.D. Fla. June 27, 2013). These claims fail here for the same reason. Moreover, because a "'second-filed claim [that] presents the same jurisdictional issue as raised in the first suit" is barred by res judicata in the absence of "new information which cures the [fatal] jurisdictional defect," *Lea*, 126 Fed. Cl. at 213 (quoting *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000), *appeal dismissed*, 243 F.3d 553 (Fed. Cir. 2000) (unpublished table decision)), this Court lacks jurisdiction to revisit the standing issue to the extent Mr. Witchard once again claims a violation of others' rights.

The Court also lacks jurisdiction to hear Plaintiff's claims pursuant to the Fourth, Fifth, and Sixth Amendments of the United States Constitution. These rights are not money-mandating even if all of his factual allegations are correct. To the extent Mr. Witchard claims Fourth Amendment and Sixth Amendment violations, this Court does not have subject-matter jurisdiction to decide these claims. *See, e.g.*, *Maxberry v. United States*, 722 F. App'x 997, 100 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating.").

The Fifth Amendment to the United States Constitution generally does not provide a basis for jurisdiction in this Court. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). To the extent Mr. Witchard claims due process violations, the Court has no jurisdiction to hear these claims under the Fifth Amendment.

*Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process or seizure claims under the Fifth Amendment to the United States Constitution." (citing cases)); *see also Maxberry*, 722 F. App'x at 100; *LeBlanc*, 50 F.3d at 1028.

Because none of these rights constitute money-mandating provisions of law, they are not constitutional claims within this Court's jurisdiction pursuant to the Tucker Act.

Finally, this Court also lacks jurisdiction to hear Mr. Witchard's claim of unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495.   Although Section 1495 waives sovereign immunity for an unjust conviction claim, as explained *supra*, a plaintiff "suing under section 1495" must still "allege and prove" that:

> His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and . . . [h]e did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).[8]

Mr. Witchard's complaint is clear that the basis for his claim is that the Eleventh Circuit granted his motion for judicial notice.  Compl. at 4.  But again, the Eleventh Circuit granted the motion only "to the extent [that the court would] . . . consider his allegations," ECF No. 1-2 at 55 — not that the court agreed with those allegations in any way.  *See also* Order, *Witchard v. Burney-Smith*, No. 19-cv-484 (N.D. Ga. May 22, 2019), ECF No. 19 ("[T]he Plaintiff continues to confuse taking judicial notice of a motion and granting the relief requested in the motion.  The Plaintiff's claim is absurd and frivolous.").  As the Court is not limited to Mr. Witchard's characterization of his claims, *see Crow Creek Sioux Tribe*, 900 F.3d at 1354–55, this Court concludes that Mr. Witchard's claim of unjust conviction and imprisonment is plainly insubstantial and implausible on its face.  *Cf. Perry v. United States*, 149 Fed. Cl. 1, 18–19 (2020) (dismissing a case in part because "any

---

[8] Plaintiff does not allege any nonconclusory facts to support a contention that he did not commit the acts charged, or that he did not cause his own prosecution by misconduct or neglect.

attempt to construe" the alleged facts as a claim within the Court's jurisdiction "is legally implausible on its face"), *aff'd*, 2021 WL 2935075.

In particular, Mr. Witchard's complaint and its attachments are devoid of any allegation that Mr. Witchard's conviction was reversed or set aside, that he was found not guilty, that he was pardoned, or that he did not commit the acts charged. 28 U.S.C. § 2513(a). Indeed, Mr. Witchard makes no non-frivolous factual allegations supporting his claim that he is entitled to monetary relief, pursuant to 28 U.S.C. § 1495 and § 2513, resulting from unjust conviction and imprisonment. Because Mr. Witchard's claim is based only on his gross mischaracterization of the Eleventh Circuit's order taking judicial notice of Mr. Witchard's allegations, this claim for unjust conviction and imprisonment is frivolous. At a minimum, Plaintiff's claim fails to satisfy the jurisdictional pleading requirement. *See Perry*, 2021 WL 2935075, at *4 (affirming this Court's discretion to dismiss claims as frivolous).

In the alternative, the Court holds that Mr. Witchard's alleged unjust conviction and imprisonment fails to state a claim as a matter of law upon which relief can be granted. For a complaint to state a claim pursuant to which this Court can grant relief, a complaint must contain plausible factual assertions which, if true, would entitle the plaintiff to the claimed relief as a matter of law. *See Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). In other words, "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Put differently, a plaintiff must plead facts demonstrating *all* of the elements of the claim. *See Perry*, 149 Fed. Cl. at 20 (discussing this in the context of a contract claim), *aff'd*, 2021 WL 2935075 ("As [the plaintiff's] complaint failed to provide any specificity regarding [the elements of a claim,] . . . we agree with the trial court that [the trial court] lacks jurisdiction to hear the claim and that [the plaintiff] failed to state a claim upon which relief may be granted."). Mr. Witchard's complaint together with its attachments fail to assert any facts sufficient to demonstrate that his conviction was reversed or set aside or that he was either found not guilty or pardoned. The Eleventh Circuit did not rule on his allegations, and its decision cannot be plausibly read to constitute a reversal of Mr. Witchard's conviction; the appellate court simply did not set aside the conviction, find him not guilty, or otherwise pardon him (no court is empowered to pardon individuals, in any event). This failure alone is sufficient for Plaintiff's unjust conviction and imprisonment claim to be dismissed pursuant to RCFC 12(b)(6).

Accordingly, even assuming this Court had jurisdiction to consider Mr. Witchard's unjust conviction and imprisonment claim, this Court holds that such a claim should be dismissed on the merits.

## V.  CONCLUSION

For the reasons explained above, the Court **DISMISSES** Plaintiff's entire complaint pursuant to RCFC 12(b)(1) for lack of jurisdiction.  *See* RCFC 12(h)(3).  In the alternative, Plaintiff's claim for unjust conviction and imprisonment fails to state a claim pursuant to RCFC 12(b)(6).  The Clerk shall enter **JUDGMENT** for the government, dismissing this case.

Furthermore, it is high time that a court at least try to stop Plaintiff from clogging the judicial machinery of the United States with frivolous cases.  Because Plaintiff has repeatedly filed complaints which have needlessly consumed judicial resources, the Court hereby enters the following anti-filing injunction:   Plaintiff is immediately **ENJOINED** from filing any new complaints with this Court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims.  Any motion for leave to file a new complaint must include as an attachment:  (1) the proposed complaint meeting all RCFC 8 requirements; and (2) this opinion and order.  In addition, any proposed complaint must not only identify with specificity the source of law supporting this Court's jurisdiction over the claims asserted but also any factual allegations that have not already been considered in this case or his other federal court cases.  Thus, the Clerk of the Court is directed to **REJECT** all future complaints from Plaintiff unless filed by leave of the Chief Judge.

Should Plaintiff submit any additional filings in this case (other than a notice of appeal), this Court will consider issuing monetary sanctions against Plaintiff.  *Pro se* litigants are subject to Rule 11, and this Court will enforce it where, as here, the necessity to do so appears clear.  *Kissi v. United States*, 493 F. App'x 57, 59 (Fed. Cir. 2012) (affirming anti-filing injunction pursuant to RCFC 11); *Rutledge v. United States*, 72 Fed. Cl. 396, 403 (2006) ("[RCFC 11] grants this court the authority to impose sanctions on parties who file frivolous or baseless pleadings.").

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge